**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 07-1256

UNITED STATES OF AMERICA,

Appellee,

v.

DIANNERIS RODRÍGUEZ-GUERRERO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Stahl, Senior Circuit Judges.

Lydia Lizarríbar-Masini, by appointment of the court, on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney (Chief, Appellate Division), on brief for appellee.

May 23, 2008

**Per Curiam**.  In <u>United States</u> v. <u>Graciani</u>, 61 F.3d 70 (1st Cir. 1995), we forecast that battles over a defendant's role in the offense "will almost always be won or lost in the district court." <u>Id.</u> at 75.  This appeal illustrates why we thought that forecast appropriate.

The tale can quickly be told.  On September 28, 2005, a federal grand jury sitting in the District of Puerto Rico returned a two-count indictment against defendant-appellant Dianneris Rodríguez-Guerrero.  Count 1 charged her with knowingly and intentionally possessing heroin with intent to distribute, <u>see</u> 21 U.S.C. §841(a)(1); and count 2 charged her with importing heroin from the Dominican Republic into the United States, <u>see</u> <u>id.</u> §952. After initially maintaining her innocence, the appellant tendered a guilty plea to both counts pursuant to a negotiated plea agreement.  <u>See</u> Fed. R. Crim. P. 11(c)(1)(A)-(B).  Pertinently, the plea agreement left open the appellant's role in the underlying criminal activity.

The undisputed facts showed that the appellant had served as a courier for a drug smuggler.  She was caught red-handed while disembarking from the ferry, at Mayagüez, driving a Chrysler minivan bearing Puerto Rico license plates.  The minivan had a spare battery in its cargo compartment which, upon inspection, was found to contain more than two kilograms of heroin.

The district court held the disposition hearing on December 22, 2006.  It determined that the appellant was a minor but not a minimal participant in the offenses of conviction.  See USSG §3B1.2(a)-(b)(2006).  Taking into account this mitigating role adjustment and other guideline computations not at issue here, the court sentenced the appellant to a 46-month incarcerative term on each count (to be served concurrently).  This timely appeal followed.

In this venue, the appellant advances only a solitary claim of error.  She asserts that the sentencing court's refusal to award her a more generous mitigating role adjustment was incorrect and requires a remand for resentencing.

Our standard of review is not appellant-friendly.  Role-in-the-offense determinations typically are factbound and, therefore, we will reverse the denial of minimal participant status only for clear error.  See United States v. Mateo-Espejo, 426 F.3d 508, 512 (1st Cir. 2005); United States v. Mateo-Sánchez, 166 F.3d 413, 417 (1st Cir. 1999).  The defendant bears the burden of proving her entitlement to any downward adjustment, including a downward adjustment for minimal participation.  See, e.g., Mateo-Espejo, 426 F.3d at 512; United States v. Muñoz, 36 F.3d 1229, 1238 (1st Cir. 1994).

With these principles in mind, we turn to the matter of mitigating role adjustments.  The guidelines authorize a sentencing

court to decrease a defendant's offense level by four levels if she was "a minimal participant" in the criminal activity. USSG §3B1.2(a)(2006). The commentary to this guideline indicates, somewhat tautologically, that it applies to a defendant who plays a minimal role in that activity. Id., cmt. (n.4). The Sentencing Commission has made clear that the adjustment for minimal participation should be invoked sparingly. See id.

The line between minor and minimal participation is fuzzy. In the last analysis, that distinction comes down to a judgment call. Labels are not dispositive.

This last precept is important because, in this case, the appellant emphasizes that she was "merely" a courier. It is plain, however, that drug couriers are not automatically entitled to mitigating rule adjustments for minimal participation. See, e.g., United States v. Davis, 36 F.3d 1424, 1436 (9th Cir. 1994); United States v. Garcia, 920 F.2d 153, 155 (2d Cir. 1990); United States v. Paz Uribe, 891 F.2d 396, 399 (1st Cir. 1989); United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989). Everything depends on the idiosyncratic circumstances of the particular case. See USSG §3B1.2, cmt. (n.3(C)).

Here, the record shows a plausible basis for believing that the appellant was more than a minimal participant. She registered the minivan used to transport the contraband in her own name, drove it to the Dominican Republic, waited while the drugs

were loaded aboard, and then tried to smuggle them into the United States.  This course of conduct, coupled with the quantity and type of drugs — upwards of two kilograms of heroin — argues convincingly against a finding of minimal participation.

We need go no further.  At the very least, the appellant's involvement in the criminal activity lends itself to varying inferences as to how her role should be characterized.  That ends the matter: "where there is more than one plausible view of the circumstances, the sentencing court's choice among supportable alternatives cannot be clearly erroneous."  United States v. Ruiz, 905 F.2d 499, 508 (1st Cir. 1990).


**Affirmed**.